NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

ANNE P. MULLIGAN,  )
  )  Supreme Court No.:  S-18421
  Appellant,  )
  )  Superior Court No.:  3AN-17-08944 CI
  v.  )
  )  MEMORANDUM OPINION
HMS HOST INTERNATIONAL,  )  AND JUDGMENT*
  )
  Appellee.  )  No. 1960 – April 19, 2023
  )

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Una S. Gandbhir, Judge.

Appearances:  Anne P. Mulligan, pro se, Anchorage, Appellant.  Kevin M. Cuddy, Stoel Rives LLP, Anchorage, for Appellee.

Before:  Maassen, Chief Justice, and Carney and Borghesan, Justices.  [Henderson, Justice, not participating.]

Anne Mulligan sued her employer for unlawful discharge.  The superior court granted her employer's motion for summary judgment.  Mulligan appeals.  Like the superior court, we interpret her complaint liberally as alleging a hostile work environment and retaliatory discharge after she made a harassment report against another employee.

---

\*      Entered under Alaska Appellate Rule 214.

In order to demonstrate a prima facie case of workplace sexual harassment that amounts to employment discrimination, the "discriminatory behavior [must be] sufficiently severe or pervasive [so as] to alter the conditions of the victim's employment and to create a discriminatory hostile work environment."[1] Mulligan alleges a few minor conflicts with a coworker but does not provide any evidence that these incidents would plausibly meet the standard of severe and pervasive discrimination.

To establish a prima facie case of retaliatory discharge, a litigant must "show that (1) she engaged in [a protected activity]; (2) her employer subjected her to adverse employment action; [and] (3) there was a causal link between the protected activity and the employer's action."[2] Mulligan has not shown that there was a causal link between her harassment report and her termination. Even assuming she had pled a prima facie case, HMS provided undisputed, legitimate reasons for her dismissal.[3] To the extent Mulligan's pleadings could be generously construed as making additional claims, they all lack merit.

---

[1]  *French v. Jadon, Inc.*, 911 P.2d 20, 28 (Alaska 1996).

[2]  *Mahan v. Arctic Catering, Inc.*, 133 P.3d 655, 660 (Alaska 2006) (alterations in original) (quoting *VECO, Inc. v. Rosebrock*, 970 P.2d 906, 919 (Alaska 1999)).

[3]  The employer's evidence demonstrated that Mulligan was physically aggressive towards another employee, made improper use of her security badge, and entered unauthorized areas of the restaurant when off duty to get herself drinks. Mulligan has not disputed this evidence. *See VECO, Inc.*, 907 P.2d at 919 ("Once a plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate a legitimate, non-retaliatory explanation for the action." (quoting *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 731 (9th Cir. 1986))).

Here, there were no contested issues of material fact and the superior court did not err in granting summary judgment to Mulligan's employer.[4]  We AFFIRM the judgment of the superior court.

---

**4**    *See Dunleavy v. Alaska Legis. Council*, 498 P.3d 608, 612 (Alaska 2021) ("We review a grant of summary judgment de novo and will affirm the judgment if there are no contested issues of material fact and if the moving party is entitled to judgment as a matter of law." (quoting *Alaskans for a Common Language, Inc. v. Kritz*, 170 P.3d 183, 189 (Alaska 2007))).